FILED
October 5, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: _____RG_____
Deputy



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

Case No: SA:22-CR-00531-XR

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v<br><br>ENRIQUE RAZO SR<br><br>Defendant | **INDICTMENT**<br><br>COUNT 1: 18 U.S.C. §§ 371, 554, & 922(a)(6)<br>Conspiracy to Smuggle Goods From the United States and to Make a False Statement During Purchase of a Firearm<br><br>COUNT 2: 18 U.S.C. § 1956(h)<br>Conspiracy to Commit Money Laundering |

**THE GRAND JURY CHARGES:**

<u>COUNT ONE</u>
[18 U.S.C. §§ 371, 554(a), & 922(a)(6)]

That from on or about February 1, 2020, the exact date unknown, and continuing until on or about October 21, 2021, in the Western and Southern Districts of Texas, Defendant,

**ENRIQUE RAZO SR.,**

knowingly and willfully conspired and agreed together and with others to commit offenses against the United States, that is, to knowingly receive, conceal, buy, sell, and facilitate the transportation and sale of any merchandise, article, and object, to wit, firearms, prior to exportation, knowing them to be intended for exportation contrary to any law or regulation of the United States, to wit, Title 15, Code of Federal Regulations, Sections 774 and 736.2(b)(1), in violation of Title 18, United States Code, Section 554(a), and, in connection with the acquisition of firearms, to make false and fictious statements to a federally licensed firearms dealer, which statements were intended and likely to deceive the federally licensed firearms dealer as to a fact material to the lawfulness of such acquisition of the firearms to the defendant under chapter 44 of Title 18, in that

1

Defendant, Enrique Razo Sr., did execute an ATF Form 4473, Firearms Transaction Record, to the effect that he was the actual buyer of the firearm indicated on the Form 4473, when in fact, as he then knew, he was not the actual buyer of the firearm, in violation of Title 18, United States Code, Section 922(a)(6).

## MANNER AND MEANS

The conspiracy was carried out through the following manner and means, among others:

1. From February 1, 2020 through October 18, 2021, Defendant, Enrique Razo Sr., purchased at least 200 firearms from federally licensed firearms dealers primarily located in San Antonio, New Braunfels, and Kyle, Texas.

2. Defendant typically purchased these firearms as part of a multiple sale, meaning that Defendant acquired two or more firearms at one time or during any five consecutive business days. The firearms that Defendant purchased during these multiple sales frequently had the same make, model, or caliber.

3. To purchase the firearms, Defendant had to complete an ATF Form 4473 – Firearm Transaction Record form. This form requires firearm buyers to certify that they are the actual transferee/buyer of the firearms listed on the form and explains that the person completing the form is not the actual transferee/buyer if he is acquiring the firearm on behalf of another person.

4. For every firearm he purchased, Defendant completed an ATF Form 4473 and certified that he was in fact the actual transferee/buyer of the firearms.

5. After purchasing multiple firearms, Defendant would travel to Mexico, usually within a week of his most recent purchase. Defendant would cross into Mexico at the Hidalgo International Port of Entry, usually on a Friday or Saturday, and would usually return to the United States the following Monday.

6. Defendant did not retain the firearms he purchased but instead transported them to Mexico and transferred them to others. Two of the firearms that Defendant purchased have since been recovered by law enforcement authorities in Mexico.

7. After returning to the United States, Defendant and others would deposit bulk sums of cash into Defendant's bank account. These deposits were made in Pharr, Texas and New Braunfels, Texas and corresponded with the amount of money that Defendant was spending on firearms. From February 1, 2020 to October 21, 2021, Defendant received about $112,000 in cash deposits to his bank account.

## OVERT ACTS

In furtherance of the conspiracy and to effect and accomplish its objects, Defendant, Enrique Razo Sr., committed, among others, the overt acts listed below, in the Western and Southern Districts of Texas:

1. On Monday July 19, 2021, Defendant crossed into the United States from Mexico through the Hidalgo Port of Entry. That day, Defendant received a $3,512 cash deposit in Pharr, Texas. The next day, on July 20, 2021, Defendant purchased five firearms from Money & More Pawn Shop in Kyle, Texas, a federally licensed firearms dealer, for about $3,400. Two days later, he purchased two firearms, both Smith & Wesson, model M&P 15 Sport II, 5.56mm caliber rifles, from Nagel's Gun Shop in San Antonio, Texas, a federally licensed firearms dealer, for about $1,500. Then, on Saturday July 24, 2021, Defendant entered Mexico through the Hidalgo Port of Entry. He returned to the United States two days later and received a $3,446 cash deposit in Pharr, Texas.

2. On Monday September 20, 2021, Defendant crossed into the United States from Mexico through the Hidalgo Port of Entry. That day, Defendant received a $5,643 cash deposit in

Pharr, Texas. Two days later, on September 22, 2021, Defendant purchased five firearms from Money & More Pawn Shop in Kyle, Texas for about $3,000. Three days after that, on September 25, 2021, Defendant purchased five firearms from Nagel's Gun Shop in San Antonio, Texas for about $2,250. And on September 27, 2021, Defendant purchased another two firearms from Money & More Pawn in Kyle, Texas for about $1,000. Then, on Saturday October 2, 2021, Defendant entered Mexico through the Hidalgo Port of Entry. He returned to the United States two days later.

3. On October 5, 2021, one day after returning to the United States, Defendant received a $5,908 cash deposit in Pharr, Texas. The next day, he bought four firearms from Money & More Pawn Shop in Kyle, Texas for about $2,000. A day later, Defendant bought two more firearms from Freddy's Pawn & Jewelry in New Braunfels, Texas, a federally licensed firearms dealer, for about $1,500. Two days after that, on October 9, 2021, Defendant bought another four firearms from Nagel's Gun Shop for about $2,200. Then, on Saturday October 16, 2021, Defendant entered Mexico through the Hidalgo Port of Entry.

All in violation of Title 18, United States Code, Sections 371, 554(a), & 922(a)(6).

## COUNT TWO
## [18 U.S.C. § 1956(h)]

That from on or about February 1, 2020, the exact date unknown, and continuing until on or about October 21, 2021, in the Western and Southern Districts of Texas, Defendant,

**ENRIQUE RAZO SR.,**

did knowingly combine, conspire, and agree with others, known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, that is: to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce that involved property which was the proceeds of specified unlawful activity, that is, Smuggling Goods from the United States, in violation of Title 18, United States Code,

...

Section 554, and Interstate Travel with the Intent to Engage in the Unlicensed Dealing of Firearms, in violation of Title 18, United States Code, Section 924(n), with the intent to promote the carrying on of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

### NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Smuggling Violation and Forfeiture Statutes
[Title 18 U.S.C. § 554(a) and 371, subject to forfeiture pursuant to Title 19 U.S.C. § 1595a(d), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the foregoing criminal violation set forth in Count One, the United States of America gives notice to the Defendant of its intent to seek the forfeiture of the property, including the items listed below, upon conviction and as part of sentencing pursuant to FED. R. CRIM. P. 32.2 and Title 19 U.S.C. § 1595a(d), made applicable to criminal forfeiture pursuant to Title 28 U.S.C. § 2461(c), which states the following:

> **Title 19 U.S.C. § 1595a. Aiding unlawful importation**
> **(d) Merchandise exported contrary to law**
> Merchandise exported or sent from the United States or attempted to be exported or sent from the United States contrary to law, or the proceeds or value thereof, and property used to facilitate the exporting or sending of such merchandise, the attempted exporting or sending of such merchandise, or the receipt, purchase, transportation, concealment, or sale of such merchandise prior to exportation shall be seized and forfeited to the United States.

### II.
### Firearms Violations and Forfeiture Statutes
[Title 18 U.S.C. § 922(a)(6), subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461]

As a result of the criminal violation set forth in Counts One, the United States gives notice to Defendant of its intent to seek the forfeiture of the properties described below upon conviction

5

and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461, which states:

**Title 18 U.S.C. § 924. Penalties**
**(d)(l)** Any firearm or ammunition involved in or used in any knowing violation of subsection . . . (a) . . . of section 922 . . . shall be subject to seizure and forfeiture . . . under the provisions of this chapter. . .

This Notice of Demand for Forfeiture includes but is not limited to the following properties:

1. Smith & Wesson model M&P 15 Sport II OR, 5.56mm rifle, SN: TS95021;
2. Smith & Wesson model M&P 15 Sport II, 5.56mm rifle, SN: TT02600;
3. Radical Firearms LLC model RF-15, 5.56mm rifle, SN: 21-072788;
4. Glock model 42, .380 caliber handgun, SN: AAPZ784;
5. Glock model 42, .380 caliber handgun, SN: AAPZ826;
6. Glock model 42, .380 caliber handgun, SN: AAPZ921; and
7. Any and all firearms, Ammunition, and/or accessories involved in or used in the commission of the criminal offenses.

A TRUE BILL

FOREPERSON OF THE GRAND JURY

ASHLEY C. HOFF
UNITED STATES ATTORNEY

BY: _____
FOR BRIAN NOWINSKI
Assistant United States Attorney